of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

**Baljinder SINGH, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General, Respondent.**

No. 08–0772–ag.

United States Court of Appeals, Second Circuit.

Sept. 30, 2008.

Hector M. Roman, Roman & Singh, LLP, Jackson Heights, New York, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, Michelle Gorden Latour, Assistant Director, Tracie N. Jones, Trial Attorney, U.S. Department of Justice, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Baljinder Singh, a native and citizen of India, seeks review of a January 23, 2008 order of the BIA affirming the April 13, 2006 decision of Immigration Judge ("IJ") Sandy Hom pretermitting his application for asylum and denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Baljinder Singh*, No. A97 454 774 (B.I.A. Jan. 23, 2008), *aff'g* No. A97 454 774 (Immig.Ct.N.Y.City, Apr. 13, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

■ When the BIA affirms the IJ's decision in some respects but not others, we ordinarily review the IJ's decision as modified by the BIA decision, i.e., minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). Here, however, because we conclude that Singh failed to exhaust his administrative remedies before the BIA, we need not reach the merits of his case.

■ In addition to the statutory requirement that a petitioner exhaust the categories of relief he seeks, 8 U.S.C. § 1252(d)(1), a petitioner must also raise to the BIA the specific issues he later raises in this Court. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir.2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory, and the failure to exhaust provides a sufficient ground for this Court to decline to review those unexhausted issues. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n. 1, 123 (2d Cir.2007). Where a petitioner fails to challenge a finding that constitutes a ground, in and of itself, on which an IJ's denial of relief was based, that failure to exhaust may be fatal to his petition for review. *See Steevenez v. Gonzales*, 476 F.3d 114, 118 (2d Cir.2007) (requiring a petitioner to exhaust before the BIA his challenge to the IJ's conclusion that he could safely relocate to another part of his home country, which constitutes an independent ground for denying his application for withholding of removal). As the BIA noted, Singh failed to challenge the that relocation finding constitutes an independent ground for the agency's denial of withholding of removal, 8 C.F.R. § 1208.16(b)(1)(i)(B), and CAT relief, 8 C.F.R. § 1208.16(c)(3)(ii), Singh's failure to exhaust his administrative remedies is fatal to his petition for review.* *See Steevenez*, 476 F.3d at 118. Accordingly, we do not consider Singh's arguments regarding the merits of his case.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

\* While Singh did not challenge the IJ's denial of CAT relief before the BIA, it excused that failure to exhaust by addressing that claim in its decision. *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 296–97 (2d Cir.2006); *Waldron v. INS*, 17 F.3d 511, 515 n. 7 (2d Cir.1994). Accordingly, we are not without jurisdiction to reach the agency's denial of that relief. *See* 8 U.S.C. § 1252(d)(1).